IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETRO DERAN PUGH, #192319, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17cv319-WKW |
| | ) | (WO) |
| KARLA WALKER JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petro Deran Pugh ("Pugh"), an Alabama inmate incarcerated at Ventress Correctional Facility in Clayton, Alabama. (Doc. No. 1.) Pugh challenges his guilty plea conviction and 12-year sentence for enticing a child for immoral purposes imposed by the Clarke County Circuit Court in October 2013.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Pugh to bring his § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where Ventress Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (the Southern District of Alabama, where Clarke County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Because the matters complained of by Pugh stem from a conviction and sentence imposed by the Clarke County Circuit Court, and since the records related to Pugh's conviction and sentence are located in Clarke County, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for Southern District of Alabama for review and disposition.[1]

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 1, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

---

[1] A decision on Pugh's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Southern District of Alabama.

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of May, 2017.

　　　　　　　　　　　　　　/s/   Wallace Capel, Jr.
　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE